# CASES

IN THE

# SUPREME JUDICIAL COURT.

IN THE

COUNTY OF FRANKLIN, JUNE TERM, 1841.

---

## JOHN BRANNIN *versus* JOSEPH JOHNSON.

In trespass for an injury done to property, the value of the property at the time of the injury, with interest therefrom, is the measure of damage.

The jury are not authorized to estimate the probable, or speculative loss, which the plaintiff may have sustained from the detention of the property taken.

EXCEPTIONS from the District Court.

This was an action of trespass for taking three cows. The general issue was pleaded, and a brief statement filed justifying the taking of the cows by William Wyman, a deputy sheriff, under the defendant, who was sheriff of the county, as the property of one James Kennedy, on a writ of attachment against him in favor of one Abraham Wing.

WHITMAN J. who tried the cause, directed the jury that if they found a verdict for the plaintiff it would be reasonable that they should give him in damage, the value of the cows at the time they were taken, and something for the detention of said cows since they were taken. The jury returned a verdict for the plaintiff. The defendant's counsel thereupon filed exceptions.

*Belcher*, for the defendant. Damages were assessed in this case upon an erroneous principle. The correct rule is, that the plaintiff should be allowed the value of the property at the time of the taking, and interest from that time to the time of

the finding of the verdict. *Soule* v. *White*, 14 Maine R. 436; *Swift* v. *Barnes*, 16 Pick. 194; *Boyden* v. *Moore*, 11 Pick. 363; *Boyd* v. *Brown*, 17 Pick. 453.

*Goodenow & Stubbs*, for the plaintiff. The act complained of was wrongful. If the defendants were dissatisfied with the instructions given they should have requested more explicit instructions. *Butman* v. *Nash*, 3 Fairf. 474; *Colman* v. *Southwick*, 9 Johns. 45; *Tillotson* v. *Cheatham*, 2 Johns. 63; *Finch* v. *Brown*, 13 Wend. 601.

The Court will not grant a new trial if justice has been done. *Brazier* v. *Clap*, 5 Mass. R. 1; *Jones* v. *Fales*, 5 Mass. R. 101.

The opinion of the Court was delivered by

WESTON C. J. — In certain actions, such as those brought for an assault, for libel or defamation, there can be no fixed or settled scale of damages. In such cases, Courts do not interfere with the verdict of a jury, unless the damages given are decidedly and manifestly excessive. Some of the cases, cited for the plaintiff, are of this class. But for an injury done to property, such as trespass *de bonis asportatis*, which is the case before the Court, the value of the property at the time of the injury, is the measure of damages. There may be circumstances, enhancing that value to the party injured, which may be properly taken into the account.

The Judge instructed the jury, that they should give the plaintiff the value of the cows at the time they were taken. To this value, interest might be added, as a part of the indemnity, to which the plaintiff was justly entitled. If the damage for detention could be so understood, the instruction might be justified. But as the term, interest, was not used, and probably not intended, as the limit of damages for detention, the jury were at liberty to go into an estimate of the probable or speculative loss, the plaintiff might have sustained, upon this ground. In our judgment the instruction was too vague and loose, and had a tendency to mislead the jury.

*Exceptions sustained.*