## COVILLAUD v. TANNER.

Objections to the introduction of evidence must be taken on the trial below, and, unless so taken, cannot be assigned as error, on appeal.

A party cannot, by consenting to admit evidence, "subject to all legal exceptions," absolve himself from the necessity of taking exceptions to the relevancy or sufficiency thereof, and devolve the responsibilty of discovering whatever objections may exist, on the Court below, and, after fishing for a verdict, for the first time assign his objections in the Supreme Court.

Where no motion for a new trial is made, this Court cannot examine the evidence to see whether it warrants the findings.

One of several tenants-in-common has a right to sue alone for his moiety.

APPEAL from the District Court of the Tenth Judicial District, of the County of Yuba.

Covillaud, the plaintiff in the Court below, averred, in his complaint, that on the first day of November, 1850, he was seized and possessed of one undivided fourth interest and estate, as tenant-in-common, with J. M. Ramirez, W. H. Sampson, Chas. B. Sampson, Robert B. Buchanan, and Gabriel N. Swezy, in and to a certain tract of land in Yuba county, and that on the eighteenth day of June, 1852, the said defendant unlawfully entered into the possession of said premises, and ousted him therefrom, and has ever since wrongfully withheld from him possession thereof, etc. The case was tried by the Court, without the intervention of a jury, before whom the plaintiff's testimony was admitted, "*subject to all legal exceptions.*" The Court found, as a fact, that plaintiff was one of several tenants-in-common, and rendered judgment in his favor, for one undivided one-fourth part of the premises described in the complaint. From which judgment the defendant appealed.

*Wilson & Scarborough* for Appellant.

The defendant objected to all the evidence given by the plaintiff. Court received the same, subject to the future objections of the parties.

The plaintiff is joint-tenant with one Jose M. Ramirez, in the land sued for, and cannot maintain this suit.

2 Black. Com., 186–180; 1 Litt., 294; Coke on Litt., 188, § 304; 3 Bacon Abridg. Joint-Tenants, 180 (f); Coke on Litt., 180 (f); 1 Chitty Pl., 543; 5 Tenn. R., 246; 12 East. R., 57; 3 Taunton, 130; 1 Tucker's Black. Com., 173; 7 John. R, 477; 4 Mass., R., 566; 16 Mass. R., 252; 15 Mass. R., 477, 520; 2 Bouvier's Law Dictionary, 532.

Covillaud *v.* Tanner.

*Stephen J. Field* for Respondent.

On the trial, the testimony and evidence on the part of the plaintiff was taken by the Court, subject to all legal exceptions.

Although the evidence was thus taken, it does not appear, from the record, that any exceptions to it were ever afterwards stated. There are none, therefore, which can be considered in the Supreme Court. Before this Court will consider any objection to testimony, the objection must have been stated and passed upon in the Court below.

In order that any exception may be regarded in this Court, it must : First, be material ; Second, affect the substantial rights of the parties ; and, Third, its point must be particularly stated, and passed upon. See §§ 188 and 189 of the Practice Act, which defines what an exception is, how it shall be stated, and when it shall be regarded on an appeal, or on a motion for a new trial. See, also, Whiteside *v.* Jackson, 1 Wendell, 418 ; Jackson *v.* Cadwell, 1 Cowen, 622 ; Frier *v.* Jackson, 8 John., 495.

No objection was taken to the findings of the Court, nor was any motion made for a new trial. The findings are, therefore, to be taken as conclusive.

It follows, then, that the only question which this Court can consider, on the appeal, is whether the findings of fact sustain the conclusions of law, and support the judgment.

MURRAY, C. J., delivered the opinion of the Court—TERRY, J., and BURNETT, J., concurring.

This was an action of ejectment. The cause was submitted to the Court below, without the intervention of a jury, upon the evidence taken, subject to all legal objections. No exceptions were taken to the testimony, or to the findings of the Court, and no motion was made for a new trial.

There is, therefore, nothing before us, except the single question, whether the facts found are sufficient to warrant the conclusions of law drawn therefrom by the Court, of which, there can be no doubt ; the Court having found, as a fact, a prior possession in the plaintiff, and, as a conclusion of law, that such possession was sufficient to support an action of ejectment against an intruder.

The appellant seems to think that, by consenting to admit the evidence, subject to all legal exceptions, he has absolved himself from the necessity of taking any exceptions to the relevancy or sufficiency thereof, and devolved the responsibility on the Court below, of discovering whatever objections might exist, and that, after fishing for a verdict below, he may, for the first time, assign his objections in this Court.

This practice cannot be tolerated. Objections to the introduction of evidence must be taken on the trial below, and, unless so taken, cannot be assigned as error, on appeal.

The appellant objects to the judgment, on the ground that the plaintiff is one of several joint-tenants, and cannot maintain an action individually. The Court finds that the plaintiff is one of several tenants-in-common, and, as such, he may bring an action of ejectment, under the decision of this Court, in the case of Throckmorton v. Burr, October Term, 1855.

No motion for a new trial having been made, we cannot examine the evidence, to ascertain whether it warrants the findings.

Judgment affirmed.