Kiler *v.* Kimbal.

*S. M. Bowman* for Respondent.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., concurring.

By the common law, a married woman can not bind herself by contract; and the statute of this State has not changed the law in this respect, except in certain particular cases. The joint and several promissory note of the defendant Brady, and his wife, was only obligatory as the individual contract of the husband. (Rowe *v.* Kohle, 4 Cal. Rep., 285.)

The discharge of Brady, by a decree under the Insolvent Act, from the payment of the note, did not release the lien of the mortgage executed to secure its payment. The discharge only operated to limit the recovery of the plaintiff to the proceeds of the mortgaged premises. (Insolvent Act, § 36.)

The defendant Gilson claiming an interest in the premises, subsequent to the mortgage, was properly made a party, but could not be subjected to the costs of the foreclosure beyond those occasioned by his own separate defence.

It follows that the decree is erroneous in adjudging a recovery against the defendant Josephine for the principal and interest of the note; and in directing execution for any deficiency which might remain after the application of the proceeds of sale of the mortgaged premises; and in awarding costs against the defendant Gilson, and must be modified, in these respects, at the cost of respondent.

Ordered accordingly.

---

KILER *et als. v.* KIMBAL *et als.*

Where an objection is taken to the admission of evidence, without a specification of the grounds of the objection, it does not merit consideration.

To entitle an objection to notice, it must not only be on a material matter, affecting the substantial rights of the parties, but its point must be particularly stated. The party must lay his finger on the point of his objection.

Where a motion is made for a nonsuit, without stating the grounds upon which it is made, it is not error to overrule the motion,

Where parol evidence is given of certain regulations of miners, and it does not appear until the cross-examination of the witness that the regulations were in writing, the proper course to pursue, if any objection is taken to the evidence, is by motion to strike it out.

APPEAL from the District Court of the Fourteenth Judicial District, County of Sierra.

This was an action of ejectment to recover certain mining-claims. The defendants pleaded title. To show the interest of

two of the plaintiffs, Smith and Conner, in the property in con-troversy, certain bills of sale to them were introduced, and to their introduction the defendants objected, without stating the grounds of their objection; and the objection was overruled, and the defendants excepted.

After the testimony was closed, the defendants moved for a nonsuit, without stating the grounds of their motion, and the same was overruled, and the defendants excepted.

One of the witnesses introduced by the plaintiffs, gave parol evidence of certain regulations of miners in the vicinity of the mining-claims. in controversy, to which evidence objection was taken, without any specification of the grounds of the objection. It did not appear that the regulations were in writing until the cross-examination of the witness.

The plaintiffs had judgment, and the defendants appealed.

*John R. McConnell* for Appellants.

*Van Clief and Stewart* for Respondents.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BALDWIN, J., concurring.

The objection to the bills of sale, introduced to show the inter-est of Smith and Conner, two of the plaintiffs, in the property in controversy, was properly overruled. It did not merit consider-ation for its generality. To entitle an objection to notice, it must not only be on a material matter, affecting the substantial rights of the parties, but its point must be particularly stated. This is not only a statutory regulation, but it is the uniform rule, so far as we are aware, of all Courts of Record. The party, as the au-thorities say, must lay his finger on the point of his objection to the admission or exclusion of evidence. (Practice Act, § 189; Frier *v.* Jackson, 8 John., 496; Jackson *v.* Caldwell, 1 Cow., 622; Whitesides *v.* Jackson, 1 Wend., 418; Waters *v.* Gilbert, 2 Cush-ing, 27; Covillaud *v.* Tanner, 7 Cal., 38.)

For the same reason, there was no error in overruling the mo-tion for a nonsuit. It is very possible that the grounds upon which the appellants now contend the motion should have been granted, might have been obviated at the trial, had they then been stated.

The objection to the parol evidence, in relation to the regula-tions of miners, was equally defective. It was not placed on any ground. The fact that these regulations were in writing did not appear until the cross-examination of the witness; and the proper course for the defendants then to pursue, had they any objection to the evidence, was by motion to strike it out.

Judgment affirmed.