Phelps *v.* Owens.

---

## PHELPS *v.* OWENS *et al.*

When a demurrer is general to a complaint, Courts are not bound to notice defects, which are mere matter of form.

In an action against a Sheriff for wrongfully seizing and selling property, under an execution, and where there was no wantonness or oppression on the part of such officer in the seizure ; the measure of damages is the value of the property at the time it was seized, and legal interest on such amount from the time of seizure up to the time of the rendition of the verdict.

Phelps *v.* Owens.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

A statement of facts, sufficient to elucidate the points decided, appears in the opinion of the Court.

*Baine & Bouldin and D. W. Perley* for Appellants.

BALDWN, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

This was an action of trespass—or in the nature of such an action —brought by plaintiff, Phelps, against defendants, for wrongfully and unlawfully taking away certain goods and converting them to their own use.    The complaint further alleges that at the time of this taking and conversion, the plaintiff was a merchant and doing a prosperous business; that the goods constituted nearly all his stock in trade, and that the taking of the goods has thrown him out of business, and nearly ruined his fortunes.

To this complaint defendants demurred, assigning several causes of demurrer—none of which were well taken.    The complaint states— unnecessarily, it is true, but harmlessly—in the commencement, that the defendants are indebted to the plaintiff in the sum of $5,000; but this does not make it an action on contract, for the body of the complaint shows very clearly the cause of action to be a trespass, out of which this claim for money proceeds.    There is no misjoinder, because there is but one count and one claim; the claim to recover, or to aggravate the damages—as it may be construed—or for special damages, arising from interruption of business, though not stated with sufficient particularity or definiteness, is not specifically demurred to on that ground.    The damages might or might not be enlarged for this cause, according to the circumstances.    If the trespass were "willfully and wrongfully committed," as the complaint charges, the jury *might* go beyond the actual value of the goods taken and give compensation for the loss of business, credit, etc., if these injuries were properly stated.    But as the demurrer does not specifically object to the generality of the statement in this respect, the Court was not bound to notice the defect, which is of matter of form.

After the demurrer was overruled, the defendants separately answered, putting the matters of the complaint in issue, and setting up new matter—which last will be noticed more particularly hereafter.

On the trial, it appeared that defendant, Owens, sued out an attachment against one Gove, in the hands of Webster, Deputy Sheriff of San Joaquin. Owens gave Webster a bond of indemnity after this levy, on the requisition of the Sheriff. The officer levied the attachment on this property as subject to the process, and Owens, having subsequently obtained judgment in his suit against Gove, sued out execution, under which Webster, the officer, sold the goods. The goods brought at the sale $1,492 42. There is some discrepancy in the proofs as to the actual value of the goods. The goods were claimed as the property of the plaintiff, who claimed to have bought them of Gove prior to the levy. The main question contested before the jury was, whether this sale to the plaintiff by Gove was or was not fraudulent; and the defendants' proof, as usual in such cases, was mostly circumstantial. The jury returned a verdict of $1,800.

It seems that there was no circumstance of wantonness or oppression on the part of the officer shown in this case. It was only, if made out, the common case of a levy by the officer upon the property of a party, when that property was not subject to the levy. The Court were asked by the defendants to instruct the jury that the defendant, Webster, is not responsible in damages beyond the value of the property, at the time it was seized under the attachment, and interest on such amount from the time of seizure up to the time of the verdict. This instruction was refused to be given without, and was given with, this qualification, that they might find any damages the party proved he had sustained.

The complaint claimed no other damages than for the taking and conversion, unless the latter clause of the complaint be considered as a claim for damages for the injury—beyond the value of the goods—to the business of the plaintiff as a merchant. But these last damages, if so stated as to be admissible of proof, could only be awarded in cases of willful and wanton trespass, or trespass marked by some circumstance of malice, oppression or fraud, and of this, as we intimated, we see no evidence in the record.

Phelps *v.* Owens.

The question upon which this case turns is this : What is the proper measure of damages against an officer for levying upon and selling goods not subject to the process, when the levy is made without any motive of oppression, or wanton disregard of the duties of his office, or the rights of the owner.   The rule is thus stated : (Sedg. on Law of Damages, p. 530) " We proceed now to notice the general rules which govern in trespass for taking personal property, or, as it is technically called, trespass *de bonis asportatis*.   And, as we have said, although this is eminently an action where, in case of evil motive, the damages are under the control of the jury, and although for that purpose all the circumstances of the transaction may be given in evidence, still the determination, of which I have spoken, to adhere to the rule of compensation, has been frequently made manifest.

" So it has been decided that when trespass is brought for personal property and no circumstances of aggravation are shown, the action is to be regarded as one of trover, and the value of the property with interest furnishes the measure of damages."   (Brannin *v.* Johnson, 19 Maine, 361 ;  Smith *v.* Sherwood, 2 Texas, 460 ;  Row *v.* Story, 2 Barr, 191 ;  Thomas Irell, 1 Iowa, 470)

Mr.  Justice Baldwin (in Pacific Insurance Company *v.* Conrad, 1 Baldwin, U. S. C. C. R., 138) so fully states and so ably supports the true rule of recovery in this class of cases, that we feel justified in quoting at some length from his opinion.   " The rule which ought to govern jurors in assessing damages for injuries to personal property, depends much upon the circumstances of the case.   When a trespass is committed in a wanton, rude, and aggravated manner, indicating malice or a desire to injure, a jury ought to be liberal in compensating the party injured, in all he has lost in property, in expenses for the assertion of his rights, in feeling or reputation ; and even this may be exceeded by setting a public example to prevent a repetition of the act. In such cases there is no certain fixed standard ; for a jury may properly take into view not only what is due to the party complaining, but to the public, by inflicting what are called in law speculative, exemplary, or vindictive damages.   But when an individual, acting in pursuance of what he conceived a just claim to property, proceeds by legal process to enforce it, and causes a levy to be made on what is

claimed by another, without abusing or perverting its true object, there is and ought to be a very different rule, if, after due course of legal investigation, his case is not well founded. This is what must necessarily happen in all judicial proceedings, fairly and properly conducted, which are instituted to try contested rights to property. The value of the property taken, with interest from the time of the taking down to the trial, is generally considered as the extent of the damages sustained, and this is deemed legal compensation, which refers solely to the injury done *to the property taken*, and not to any collateral or consequential damages *resulting to the owner* by the trespass. These are taken into consideration only in a case more or less aggravated. But when the party taking the property of another by legal process, acts in the fair pursuit of his supposed legal right, the only reparation he is bound to make to the party who turns out ultimately to be injured, is to place him, as to the property, in the situation in which he was before the trespass was committed. The costs of the action are the only penalty imposed by the law, which limits and regulates the items and amount. In the present case the defendant acted under the orders of the government, in the execution of his duties as a public officer ; he made the levy, but committed no act beyond the strictest line of his duty, which placed him in a situation where he had no discretion. The result has been unfortunate for him ; he has taken the property of the plaintiffs for the debt of Edward Thompson, and must make them compensation for the injury they have sustained thereby, but no further.''

" It has long since been well settled that a jury ought in no case to find exemplary damages against a public officer, acting in obedience to orders from the government, without any circumstance of aggravation, if he violates the law in making a seizure of the property. In the case of Nicoll against the present defendant, Judge Washington instructed the jury that they might give the plaintiff such damages as he had proved himself to be justly entitled to, on account of any actual injury he had proved to their satisfaction he had sustained by the seizure and detention of the property levied on, but that they ought not to give vindictive, imaginary, or speculative damages. The affirmance of his charge makes it the guide for us in this case. Our true inquiry, then, must be, What damages have the plaintiffs so proved themselves to be entitled to ?''

It will be seen by applying the principle thus laid down to the instruction as qualified, that the Court below erred in refusing the instruction in the original form, which gives the exact rule of damages, and also erred in allowing the qualification; for the qualification, in fact, allows the jury to give damages for supposed *injury indirectly resulting to the owner* by the trespass, instead of confining it to the injury done him immediately by taking the property; the legal standard of that injury being, in such cases as this, its value with interest.   We do not think the other points of appellant well taken.   It is not necessary for us to enter into, nor do we intimate any opinion on the facts.

Judgment reversed and cause remanded.