Martin *v.* Travers.

———

## MARTIN *v.* TRAVERS.

Where a party objects to the admission of testimony on trial, he must state the point of his objection at the time. General objection will not do. The party should lay his finger on the point at the time of trial, otherwise this Court cannot review it.

APPEAL from the Twelfth District, County of San Francisco.

This was an action brought to recover back money deposited by the plaintiff with the defendant, as an indemnity for liability on a bail bond for the appearance of the plaintiff.

The complaint alleged, that in March, 1856, the defendant received from the plaintiff five hundred dollars, which the defendant was to return when he should be released from his liability on certain recognizances, which he had entered into for the appearance of the plaintiff and one Saddeaux, in the Court of Sessions. That the defendant had been released and fully discharged from said recognizances, but that he refused to repay the money.

The material portions of the defendant's answer are as follows:

" Denies each and every allegation, except as hereinafter admitted.

" Defendant denies that he had or received of or from the plaintiff the sum of five hundred dollars, or any other sum, as alleged in the complaint ; or that he is indebted in any amount to the plaintiff. And the defendant avers that said sum was paid by plaintiff to his counsel, in consideration of his professional services, in the prosecutions in the complaint stated.

" The defendant admits that he executed the receipt," (recited in the complaint) " and at the same time alleges that he executed said receipt and became bail as therein stated, in consideration and upon an understanding with said plaintiff, that said plaintiff would deliver to, and deposit with the defendant personally, the said sum of five hundred dollars therein mentioned, by way of indemnity ; but the defendant positively avers that said plaintiff did not so deposit said sum of five hundred dollars, or any other sum, with this defendant, as in said receipt stated. And so defendant alleges that said receipt is without consideration, and not binding upon defendant in any manner."

The case was referred to a referee for trial, who made his report to the Court, and found, amongst other things, the following facts, which are the ground of exception in this Court.

" *Sixth.* That the defendant, at various times between the eighth day of March, 1856, and the ―――― day of November, 1856, by direction and order of the plaintiff, paid the five hundred dollars to one Col. George F. James, the counsel of the plaintiff, to whom plaintiff was indebted in that amount."

On the trial of the case before the referee, James was sworn, and testified on the behalf of the defendant ; and to the following question put by defendant's counsel, after handing the witness a receipt : " Did the defendant receive the money mentioned in that receipt ?" the plaintiff objected, but assigned no grounds for such objection. The referee overruled the objection, and the witness testified.

Defendant had judgment. Plaintiff moved the Court for a new trial, which was denied, and he appealed to this Court.

*Delos Lake* for Appellant.

*C. M. Brosman* for Respondent.

FIELD, J., delivered the opinion of the Court—BALDWIN, J., concurring.

The plaintiff objected to the admission of the evidence upon which the referee based his sixth finding, but upon what ground the record does not disclose.    The objection fails to specify the point upon which it rests, and did not merit consideration for its generality.    Kiler *v.* Kimball, 10 Cal. 267.

To have entitled it to notice, the party should have laid, as the authorities say, his finger on the point at the time.    Practice Act, sec. 189 ; Frier *v.* Jackson, 8 John. 496 ; Jackson. *v.* Caldwell, 1 Cow. 622 ; Whitesides *v.* Jackson, 1 Wend. 418 ; Waters *v.* Gilbert, 2 Cushing, 27 ; Covillaud *v.* Tanner, 7 Cal. 38.

Judgment affirmed.