## DORSEY *et al. v.* MANLOVE.

IN actions for taking and detaining personal property, no circumstances of aggravation being shown, the measure of damages is the value of the property, with interest.

If circumstances of aggravation be shown in order to increase the damages, then defendant may show all circumstances connected with his acts, and explanatory of his motives and intentions.

In such actions, the rule of damages depends on the presence or absence of circumstances of aggravation in the trespass, as fraud, malice, or oppression.

In the absence of such circumstances, the rule is, compensation merely, and this refers solely to the injury done to the property, and not to collateral or consequential damages resulting to the owner. And the measure of relief is matter of law.

But where the trespass is committed from wanton or malicious motives, or a reckless disregard of the rights of others, or under circumstances of great hardship and oppression, the rule of mere compensation is not enforced, and the measure and amount of damages are matters for the jury alone, and they may award punitive or exemplary damages.

The rule of compensation merely, as distinguished from the rule of exemplary damages, applies, even though the writ, under which the officer committed the trespass, were void—there being no circumstances of aggravation.

APPEAL from the·Sixth District.

For case see opinion.

*Thomas Sunderland,* for Appellant.   The extent of defendant's liability was the value of the horses sold.   (*Phelps* v. *Owen,* 11 Cal. 22.)

*Thomas H. Williams,* for Respondent.

The case of *Phelps* v. *Owen* has no application, for the reason that there, the officer held a legal and regular execution which he levied on the property of a stranger to the writ, the title of the property being in dispute ; and, in such cases, Courts, from a regard to the peculiar position of the officer, have adopted a medium rule of damages.   Here, the assessment was void, and defendant was a trespasser, *ab initio,* and plaintiffs are entitled to full compensatory damages.   They do not claim vindictive damages.   (See *Tracy & Balestier* v. *Swartwout,* 10 Pet. 80.)   The compensation must be commensurate with the injury.   (9 Pick. 161 ; 17 Id. 78 ; 13 Wend. 523, 524 ; *Lacorn* v. *Mayor, etc.* 2 Duer, 406 ; *Scott* v. *Bay,* 3 Md. 431 ; 4 Dall, 207 ; *Rockwood* v. *Allen,* 7 Mass. 253 ; *Suydam* v. *Jenkins,* 3 Sandf. 614 ; 3 Cal. 257 ; *Sewall's Falls*

*Bridge* v. *Fish,* 3 Foster's N. H. 171; *Bennett* v. *Lockwood,* 20 Wendell, 223.)

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an action for taking and detaining certain personal property belonging to the plaintiffs. It appears that the plaintiffs were engaged in the business of buying and selling stock, and at the time of the trespass complained of, were driving a large number of cattle from one of the southern counties in this State to Carson Valley. On the way, it became necessary for them to stop a few days at a place called the Western House, in Sacramento County, at which place, the defendant, claiming to be Sheriff and Tax Collector of the county, and to act under and by virtue of an assessment for State and county taxes, seized upon and took from their possession ten head of horses, seven of which he returned on the following day; but the other three he retained and subsequently sold to satisfy the assessment. The plaintiffs allege in their complaint, and were permitted to show at the trial, that they sustained, in addition to the loss of the property taken, certain injuries resulting consequentially, from the acts of the defendant. They were allowed to prove, among other things, that they were driving a lot of wild Spanish cattle, which could only be driven by persons accustomed to the business, and mounted on horses trained for the purpose; that such horses were scarce, and that they had with much difficulty procured the number required for their use; that the horses taken by the defendant were of this number; that others could not be obtained, and that they were unable to pursue their journey without them; that from this cause they were subjected to a detention of several days, during which period their cattle suffered greatly on account of the scarcity of grass and water, and the hard and rough condition of the ground in the vicinity of the Western House; that some of the cattle strayed off and were lost; that others were rendered unfit for market, and the remainder much reduced in flesh. The witnesses testified to the amount of the damages. The plaintiffs were also allowed to prove the value of the services of their hired hands and the expenses of such hands, during the period of the detention.

Dorsey *v.* Manlove.

The defendant justifies as Sheriff and Tax Collector under the assessment before referred to; but it is contended, that this assessment was irregular and void, and that for other causes the acts of the defendant were unauthorized and illegal. The Court below was of this opinion, and accordingly excluded from the jury the assessment itself, and all evidence in relation to it. This placed the defendant before the jury in the position of a naked trespasser, and the result was a verdict for the plaintiffs for two thousand dollars in damages. The value of the property taken was three hundred and fifty dollars.

On the oral argument, it seemed to be conceded that the assessment was properly excluded; but the point is made in the brief of Appellant's counsel, and we are by no means satisfied that it should not have been admitted. Even if it were absolutely void, and, therefore, insufficient to support the justification of the defendant, still it may have been very material for the purpose of showing the intention with which he acted, and enabling the jury to form a correct conclusion as to the amount of the damages. It is the general rule, that in actions of this description, where no circumstances of aggravation are shown, the value of the property, with interest, furnishes the measure of damages; and when circumstances of aggravation are given in evidence for the purpose of increasing the damages, it is not only improper, but manifestly unjust, to exclude from the jury any circumstance connected with the commission of the act, and explanatory of the motives and intentions of the party committing it.

But it is unnecessary for us to decide whether this evidence was properly excluded or not, for we are clearly of opinion that the Court erred in departing from the ordinary rule of compensation in assessing the damages. The error seems to have arisen not so much from an erroneous idea of the application and effect of this rule in particular cases, as from a misconception of the rule itself. Our understanding of the law is, that the term *compensation*, when applied to cases of this character, has a fixed and definite legal signification, and refers solely to the injury done to the property taken, and not to any collateral or consequential damages resulting to the owner, by reason of the trespass. These can be considered only in cases more or less aggravated,

where circumstances are shown which justify a departure from the strict rule of compensation. Where no question of fraud, malice, or oppression, intervenes, the law limits the relief to compensation, as that term is legally understood; and in such cases the measure of relief is purely a matter of law. But where the trespass is committed from wanton or malicious motives, or a reckless disregard of the rights of others, or under circumstances of great hardship and oppression, the rule of compensation is not adhered to, and the measure and amount of damages are matters for the jury alone. In these cases the jury are not confined to the loss or injury sustained, but may go further and award punitive or exemplary damages, as a punishment for the act, or as a warning to others. We think these views are fully sustained by the authorities.

Mr. Sedgwick, in his valuable work on the Measure of Damages, says: "But, as a general rule it may be said that in cases of tort without aggravation, where the conduct of the defendant cannot be considered so morally wrong, or grossly negligent, as to give a right to exemplary or vindictive damages, the extent of remuneration is restricted according to the principles which we have been considering, to the immediate consequence of the illegal act. The rule of law is well established, that in cases of tort it is necessary for the party complaining to show that the particular damages in respect to which he proceeds, are the legal and natural consequences of the wrongful act imputed to the defendant. This general principle has been recognized in a multitude of cases." (Sedg. on Damages, 82.) - - - - - "Having thus far illustrated the application of the general rules which prohibit remote or consequential damages, by an examination of those cases where they have been denied, we now come to consider those instances in which a wider rule of construction has been adopted. They will be found to be few, and may, I think, generally be said to belong to the class of cases which the civil law ranks under *dolus*, or *culpa lata*. This distinction has even been intimated in cases of contract." (Id. 85.) - - - "It follows, from what has been said, that in the cases of wrongs such as we now proceed to consider, the measure of relief does not depend on the form of the action; whether case or trespass be employed, if no aggravation be proved, the rule of damage is a

Dorsey *v.* Manlove.

question of law." (Id. 529.) - - - "So it has been often decided, that where trespass is brought for personal property, and no circumstances of aggravation are shown, the action is to be regarded as one of trover, and the value of the property with interest furnishes the measure of damages." (Id. 530.)

"We consider the law," says the Superior Court of New York, in *Suydam* v. *Jenkins*, (3 Sandf. 628,) as properly and wisely settled that the quantum of damages, with the exception of cases in which exemplary or vindictive damages may properly be given, is strictly a question of law, so that the jury are bound by the rule which the Judge directs them to follow." In *Brannin* v. *Johnson*, (19 Me. 361,) which was an action of trespass *de bonis asportatis*, the jury were instructed to give the value of the property at the time it was taken, and *something* for its detention. A new trial was granted upon the ground that the measure of damages was the value of the property with interest, and that the charge of the Court was erroneous, and tended to mislead the jury. (See, also, *Smith* v. *Sherwood*, 2 Texas, 460; *Pacific Ins. Co.* v. *Conrad*, 1 Bald. 138; *Eames* v. *New England Worsted Co.* 11 Met. 570; *Clark* v. *Brown*, 18 Wend. 213; *Astley* v. *Harrison*, 1 Esp. 48; *Sims* v. *Glazener*, 14 Ala. 695.)

There is nothing in the facts of this case to exempt it from the operation of the rule laid down by this Court in *Phelps* v. *Owens*, (11 Cal. 22.) In that case an attachment against one person had been levied upon the property of another. This person was a merchant, and the property taken constituted his stock in trade. The action was against the plaintiff in the attachment, and the officer who made the levy, and it was alleged that by reason of the acts complained of, the business of the plaintiff was broken up, and damages were claimed for the injury thus sustained. The jury were instructed that in assessing the damages they were not limited to the value of the property with interest, but might find any damages the party proved he had sustained. This Court held the instructions erroneous, and, in reference to the damages claimed for the injury done to the plaintiff as a merchant, said: "But these damages, if so stated as to be admissible of proof, could only be awarded in cases of willful and wanton trespass, or trespass marked by some circumstance of

Dorsey *v.* Manlove.

malice, oppression or fraud, and of this, as we intimated, we see no evidence in the record."

In this case no circumstance of aggravation is alleged in the complaint, or shown in the proof. It is not pretended that the defendant acted in bad faith, or from wanton or malicious motives; nor does it appear that his conduct was in any manner willfully unjust or oppressive. It is an ordinary case of trespass, unaccompanied by any evil intent or improper motive, and the rule of compensation is the criterion of damages. This rule as we have already stated, limits the recovery to the value of the property with interest.

It is argued that the measure of damages applied in *Phelps* v. *Owens,* has no application to this case, for the reason, that here the defendant acted under a void assessment, whereas in that case the property was taken under process which was legal and valid. But we have seen that where the trespass is not accompanied by any circumstance tending to aggravate the offense, and sufficient to justify exemplary or vindictive damages, the law applies in all cases the same uniform measure of relief. This rule is founded upon a wise and beneficial policy, and it is of the utmost importance that it be strictly and rigidly adhered to by the Courts. It avoids in this class of cases the difficulty which has always been experienced in the practical application of this branch of the law. It too frequently happens that the Courts, in their zeal to administer what they deem to be justice, and to compel parties to make complete reparation for injuries resulting from their wrongful acts, involve themselves in difficulties of the most embarrassing character. The rules which have been established to relieve this branch of judicial inquiry from its practical embarrassments, should be adhered to with undeviating firmness.

From these views it follows that the judgment of the Court below must be reversed. The plaintiffs are entitled to recover the value of the horses sold by the defendant, and in addition to such value the interest thereon from the time of the taking until the trial. The plaintiffs are also entitled to recover for any injury done to the horses, which were taken and returned.

Judgment reversed, and cause remanded for new trial.