## MILWAUKEE & MISSISSIPPI R. R. CO. vs. FINNEY.

### ERROR TO CIRCUIT COURT, DANE COUNTY.

Heard August 4, 1859.]                [Decided January 4, 1860.

### *Amendment—Damages—Principal and Agent.*

Amendments to pleadings are matters addressed to the discretion of the court, and will not be reviewed, except in cases where it has been clearly abused.

To allow a party to prove the declaration of an agent of the opposite party, made after the transaction to which they relate, is erroneous.

In an action against a railroad company for the misconduct of the conductor in expelling the plaintiff from their cars, before he reaches the place to which he had purchased a ticket, the measure of damages is such sum as would compensate him for his actual loss by being put off the cars, and not vindictive damages or smart money; unless it appear that the conduct of the conductor was malicious, and his act was authorized or sanctioned by the company.

Where the misconduct of an agent causes a breach of the obligation or contract of the principal, then the principal is liable in an action, whether such misconduct be wilful or malicious, or merely negligent; and in such case, though the action be brought nominally in tort, it will be treated as *ex contractu*, and be governed by the same rules, unless the malice or wantonness of the agent be brought home and directly charged to the principal.

This was an action commenced by James Finney against the Milwaukee & Mississippi Railroad Company. The complaint set forth that the plaintiff had purchased a passenger ticket at the Madison depot, from Madison to Edgerton, for which he paid ninety cents; that the plaintiff was received in the cars, and carried on the ticket to within eight miles of Edgerton, where the conducter of the train stopped the train and expelled him from the cars, refusing to carry him any farther, contrary to the conditions of his agreement with the company. The answer was a general denial of the facts stated in the complaint. On the trial of the issue, the plaintiff procured leave of the court and amended the complaint by making the averment of the expulsion of the plaintiff from the cars more certain and tortious. The plaintiff proved the facts set up in his complaint. He also proved what the ticket agent who sold the ticket said concerning the matter. This evidence was not contradicted by the defendants. The defendants then asked the court to instruct the jury, that in case they should find the issue herein for the plaintiff, that they should give the plaintiff such damages only as would compensate him for his loss by reason of putting him off the cars; that they could not give vindictive or punitory damages, called "smart money," which said instruction the circuit judge refused to give; but instructed them that:

"In this case, if you find the complaint sustained by the evidence, you may give such damages as shall compensate the plaintiff for his loss by the act of the defendant, and also such exemplary damages as you may find proper, under the circumstances of the case."

And the defendants requested the circuit judge to charge the jury that the plaintiff could not recover for any force or violence applied to the plaintiff by the servant of the company, unless the company authorized and directed its use, or afterwards ratified and approved such act of the servant, which instruction the circuit judge refused to give.

The jury found for the plaintiff and assessed his damages at $175, on which judgment was entered; and the railroad company sued out this writ of error.

*Abbott, Gregory & Pinney*, for the plaintiffs in error.

1.   The circuit court erred in permitting the amendment, as it changed the cause of action from a breach of a contract to a tort.   R. S., chap. 125, § 37.

2. The circuit court erred in permitting the plaintiff below to give evidence of the declaration of the ticket agent. 1 Greenl. Ev., 113; 4 Phil. Ev., 381; 2 Starky Ev., 30; Story on Agency, § 135, 136; *Thallimer vs. Brinckerhoff*, 4 Wend., 394; *Bradford vs. Williams*, 2 Md. Ch. Dec., 1; *Hough vs. Doyle*, 4 Rawle, 294; *Hurd vs. West*, 2 Cowen, 752; *Hoover vs. Brown*, 7 Greenlf., 421; *Parker vs. Green*, 8 Mich., 142; *Fairlie vs. Hastings*, 10 Vessey Jun., 128; *Stiles vs. Western R. R.*, 8 Met., 44; Angell & Ames on Corporations, 309; *Stewart vs. Huntington Bank*, 11 S. & R., 174, 267; *Hayward vs. Pilgrim Society*, 21 Pick., 270; *Spaulding vs. Bank of Susquehanna County*, 9 Barr, 28; *Fairfield County Turnpike Co. vs. Thorp*, 13 Conn., 173.

3. The circuit court erred in refusing, and giving the instructions as to the measure of damages. The case not being one which called for vindictive or exemplary damages, the plaintiff was only entitled to recover for his actual injury. *Conrad vs. The Pacific Insurance Company*, 6 Peters, 262, 282; *Bell vs. Cunningham*, 3 id., 69; *Tracy vs. Swanton*, 10 id., 80, 95.

4. A corporation is not responsible for unauthorized or unlawful acts, even of its officers, though done *colore officii*. Angell on Corporations, § 388; *Thayer vs. Boston*, 19 Pick., 516; *Roe vs. Birkenhead, Lancashire & Cheshire Junction Railway Co.*, 6 Eng. Railway Cases, 601; *Eastern Counties Railway Co. vs. Brown*, id., 561; *Hazleton Canal Co. vs. Megeral*, 4 Barr, 324; *Vanderbilt vs. The Richmond Turnpike Co.*, 2 Comst., 479; *Phil. Germantown & Norristown R. R. Co. vs. Wilts*, 4 Whaet., 143, (Pa.); *McManus vs. Cricket*, 1 Earl, 106.

*Johnson, Harris & Rollins*, for the defendant in error, in answer to the first point made, cited Howard's N. Y. Code, 296–9; *Chapman vs. Webb*, 6 How., Pr. R., 390, *Hagins vs. DeHart* 12 id., 322; 7 id., 294; *Harrington vs. Slade*, 22 Barb., 161; *Gray vs. Brown*, 15 How., 555.

2. On the first point of the admissibility of the declarations of the ticket agent, they cited Dunlap's Paley's Agency, 267; 5 Esp., 145; *Burk vs. Howard*, 13 Mis., 241; *Palethorp vs. Furnish*, 2 Esp., 211; *Greenwood vs. Curtis*, 6 Mass., 358; Halstead's Law of Evidence, 387; *Peyton vs. The Govs. of St. Thomas Hospital*, 3 C. & P., 363; *Price vs. Marsh*, 1 id., 60; *Bank of U. S. vs. Lyman* 20 Vt., 666; *State Bank vs. Wilson,*

1 Dev., 484; *Barclay vs. Howell's lessee*, 6 Pet., 498; *McCormick vs Barnum*, 10 Wend., 104; *State vs. Farrish*, 23 Miss., 483, 493–4; P. Phil. Ev., C. & H.'s Notes, 181.

3.    This is clearly a case where exemplary damages can and should be given.    Sedgwick on Damages, 38, 454; 2 Parsons on Contracts, 446 to 453; Rutherforth's Institutes of National Law, Book 1, Ch. 17, Reparation, 209.

*By the Court*, DIXON, C. J.    The order of the circuit court allowing the defendant in error, plaintiff below, to amend his complaint cannot be assigned for error in this court.    Such amendment was a matter of discretion and will not be reviewed except in cases where it has been clearly abused.

The ruling allowing the plaintiff below to give in evidence the declarations of the defendants' ticket agent, made *after* the transaction of selling the ticket was closed, was clearly erroneous.    This is abundantly established by the authorities cited by the counsel for the plaintiff in error.    The rule as to the admissibility of the declarations of agents against their principals, is concisely stated by Judge Story as follows : "Where the acts of the agent will bind the principal, there his representations, declarations and admissions respecting the subject matter, will also bind him, *if made at the time* and *constituting* a part of the *res gestæ.*"    The rule is the same whether the principal be a corporation, or a natural person.    Angell & Ames on Corporations, § 309; and authorities there cited.

Under the proofs made we are also of opinion that the court improperly refused to instruct the jury as requested by the defendant's counsel, that the plaintiff was only entitled to recover such sum as would compensate him for his actual loss by being put off the cars, and that he was not entitled to vindictive damages or smart money.    If it be admitted that the action of the conductor in expelling the plaintiff from the

cars was wilful or malicious, or so grossly negligent, oppressive, or insulting, as to bring the case within the rule authorizing exemplary damages, if the suit had been brought against him; yet there was not one word of testimony offered showing, or tending to show, that *such* conduct on his part was either previously authorized, or subsequently ratified or adopted by the company. Although they may be liable in this action to indemnify the plaintiff for the actual loss or damage which he sustained by reason of the misconduct of the conductor, because it occasioned a breach of their duty or obligation to carry him from Madison to Edgerton; still it does not follow that they are to be visited with damages by way of punishment, without proof that they directed the act to be done, or subsequently confirmed it. Such damages are given by way of punishing the malice or oppression, and are graduated by the *intent* of the party committing the wrong. But in an action against a principal for the act of an agent, how can the question of their assessment be properly submitted to the jury, when there is no evidence connecting the principal with such intent on the part of the agent? Clearly it can not. It appears somewhat strange that although the conductor himself was put upon the stand as a witness for the plaintiff, not a question was asked or a particle of proof offered to show the extent or scope of his agency, or whether under any circumstances he was empowered by the defendants to expel passengers from their cars. It may be that the omission was caused by the supposition that the rights and duties of passengers and conductor are universally well known and understood; but that supposition, if true, will not relieve parties from making proof in courts of justice where their rights in any way depend upon the extent of the authority of such agents. These remarks apply equally to the second instruction asked by the defendant below, and to that portion of the charge of the court wherein the jury were instructed that if

they found for the plaintiff they might, in addition to such sum as would compensate him for his loss, give him such exemplary damages as under the circumstances they might find proper.

Another and more intricate and interesting question, not directly involved in the case, was raised and much discussed on the argument. It was, whether, under any circumstances, the principal can be held liable where the injury complained of is the consequence of the wilful or malicious act of the agent. As the question may become important in the future trial of this case, we deem it proper briefly to notice it. It was insisted by the counsel for the plaintiffs in error, that in no case could a right of action arise against the principal, for the wilful or malicious misconduct of the agent, unless it was previously authorized or subsequently ratified by him. On a careful examination of this position we are satisfied that it is incorrect. The case of *Weed vs. Panama Railroad Comp.*, 17 N. Y., 362, will be found to be a clear and well reasoned case upon the subject. It was there held that it was no defense to an action against a railroad corporation, for its failure to transport a passenger with proper dispatch, that the delay was the wilful act of the conductor in charge of the train. The rule established by that case, as we think with much reason is, that where the misconduct of the agent causes a breach of the obligation or contract of the principal, then the principal will be liable in an action, whether such misconduct be wilful or malicious, or merely negligent. The action though undeniably in tort is treated virtually as an action *ex contractu* and governed by the same rule as to damages, unless the malice or wantonness of the agent is brought home and directly charged to the principal. In this case the contract between the plaintiff and defendants was, that in consideration of his having paid to them the fee demanded, they were carefully to transport him in their cars from Madison to Edgerton. It is

no defense for their breach of this contract that it was occasioned by the wilful act of their agent.   The corporation was incapable of executing it except through the medium of its agents.   If in so doing they violate it, no matter from what motive, their acts are the acts of their principals, who hold them out to the world as capable and faithful in the discharge of their duties.   In no other way could the company be held to a performance of its contracts.   The case differs materially from those cases where the agent or servant goes out of the line of his duty in the service of his principal or master, and commits a wilful injury.   Such wrong involves no violation of duty or contract on the part of the master or principal.

The judgment of the circuit court must be reversed, and a new trial awarded.