2 517
e26 441

2 517
c30 57

2 517
e29 329

2 517
33 340

2 517
37 339

Ryan, appellant, *v.* Gilmer, respondent.

Evidence — *declarations of driver of coach about accident.* R., a passenger for hire, sued G., a common carrier of passengers, to recover damages for injuries caused by the overturning of G.'s sleigh. At the trial, R. offered in evidence the following statements of G.'s driver, which were made immediately after the accident and while he was in charge of the sleigh: " He could have avoided the overturning of the sleigh if he had been paying the slightest attention. It was his carelessness and there was no necessity for it." *Held,* that the statements were not within the scope of the driver's authority, and were not admissible against G.

Carriers of passengers — *proof of negligence.* It appeared at the trial that G.'s driver had complete control of the sleigh, and the horses were traveling about six miles per hour over a good level road, when the sleigh turned suddenly on one side and threw R. from his seat and thereby inflicted a personal injury. R. could not prove the cause of the accident,

and did not contribute thereto, and was nonsuited. *Held,* that the proof of the occurrence of the accident and infliction of the injury established a *prima facie* case of negligence against G., and should have been submitted to the jury.

CONTRACT OF PASSENGER CARRIERS. In the absence of a special contract, common carriers of passengers are required to carry passengers as safely as human foresight and reasonable care will permit.

*Appeal from Third District, Lewis and Clarke County.*

THE judgment of nonsuit was entered by WADE, J.

CHUMASERO & CHADWICK and J. G. SPRATT, for appellants.

The court erred in excluding the declarations of the driver, made at the time and immediately after the accident. *Morse* v. *Connecticut R. R.,* 6 Gray, 450; *Matteson* v. *N. Y. Central Co.,* 62 Barb. 364; *Price* v. *Powell,* 3 N. Y. 325; *McCormick* v. *Barnum,* 10 Wend. 105; *Barclay* v. *Howell,* 6 Pet. 498.

The court erred in not submitting the question of negligence on the part of respondents to the jury, and in ordering the judgment of nonsuit. Shearm. & Redf. on Negligence, 329, 330; Whart. on Negligence, §§ 627, 661; *Feital* v. *Middlesex R. Co.,* 109 Mass. 398; *Maury* v. *Talmadge,* 2 McLean, 161; *Fairchild* v. *California S. Co.,* 13 Cal. 602; *Stokes* v. *Saltonstall,* 13 Pet. 181; *Boyce* v. *California S. Co.,* 25 Cal. 467; *Curtis* v. *Rochester & S. R. Co.,* 18 N. Y. 542; *Derwort* v. *Loomer,* 21 Conn. 246.

The doctrine of contributory negligence does not apply to this case. Appellants did not contribute to the overturning of the sleigh. Shearm. & Redf. on Negligence, 32, 36, 37; Whart. on Negligence, § 301; *Richmond* v. *Sacramento V. R. Co.,* 18 Cal. 357; *Needham* v. *S. F. & S. J. R. Co.,* 37 id. 422; 2 Pars. on Cont. 226–228.

W. F. SANDERS and JOHNSTON & TOOLE, for respondents.

Appellants could not recover if they failed in establishing one of these propositions, that the alleged injury was caused by the negligence of respondents, and that the jury, from the evidence, could compute the damages for which respondents were liable.

The question of negligence is a mixed one of law and fact. When facts are presented the court determines whether or not negligence is established. The court should nonsuit a party if it would set aside a verdict in his favor for want of evidence to support it. Questions of negligence are not exceptions to the rule. *Allgro* v. *Duncan*, 24 How. Pr. 210 ; *Pratt* v. *Hull*, 13 Johns. 334 ; *Stuart* v. *Simpson*, 1 Wend. 376 ; *Demeyer* v. *Souzer*, 6 id. 436 ; *Wilds* v. *Hudson R. Co.*, 24 N. Y. 430 ; *Dickens* v. *N. Y. Central R. Co.*, 38 id. 21 ; *Carsley* v. *White*, 21 Pick. 256 ; *Johnson* v. *Hudson R. Co.*, 20 N. Y. 65.

The declarations of the driver were clearly outside of his agency. Sto. on Agency, §§ 144, 145 ; Angell on Carr., §§ 461, 462, 434–442 ; 1 Nash's P. & Pr. 505, 506 ; *Luby* v. *Hudson R. Co.*, 3 Smith (N. Y.), 131.

The complaint set out a special contract, not implied or created by law. Appellants must prove it as laid. Story on Bailm., §§ 601, 602.

Neither the court or jury can apportion negligence and render a judgment or verdict for damages, when both contributed to the negligence causing the injury, or the result or consequences after the injury. *Rathbun* v. *Payne*, 19 Wend. 401 ; *Button* v. *Hudson R. Co.*, 18 N. Y. 251 ; *Spooner* v. *Brooklyn R. Co.*, 31 Barb. 419 ; *Parker* v. *Adams*, 12 Metc. 415 ; *Harlow* v. *Humiston*, 6 Cow. 191.

BLAKE, J. The appellants are husband and wife, and bring this action to recover damages for a personal injury sustained by the wife, December 15, 1873, in consequence of the alleged negligence of the respondents. At this time the respondents were carriers of passengers in the Territory and received the fare from appellants for their transportation from Watson to Helena. At a point near Beavertown, the respondents' sleigh or " bob-sled," in which the passengers were being conveyed, was turned suddenly on one side and Mrs. Ryan, one of the appellants, was thrown about seven feet from her seat and received the injury described in the complaint. At the trial, the court sustained the motion of the respondents for a nonsuit and we are called upon to review this ruling.

In this class of cases it is the well-settled rule that it was necessary for the appellants to prove that there was no negligence, or want of due and reasonable care on their part which contributed to the injury, and that it was caused entirely by the want of such care on the part of the respondents. *Southworth* v. *O. C. & N. R. Co.*, 105 Mass. 342. In this action the accident was not the effect of any act of the appellants, and there is only one question before us for determination. Did the evidence tend to prove that the sleigh was overturned by the negligence of the respondents, or their servant?

The appellants claim that the court erred in excluding the declarations of the driver of the respondents, which were made immediately after the accident and during the time that he was engaged in the performance of his duties. He then said that he was sorry that she (Mrs. Ryan) was hurt; that he could have avoided the overturning of the sleigh if he had been paying the slightest attention; and that it was his carelessness, and there was no necessity for it. The representations or admissions of this agent will bind the respondents, if they were made within the scope of the authority which had been confided to him. Story on Agency, § 134. We think that an examination of the following cases shows that this principle is not applicable to the statements of the respondents' driver, which the appellants sought to prove in the court below. In *Luby* v. *Hudson R. R.*, 17 N. Y. 131, it was held that the declarations of the driver of a car, which had run against and injured a person, made after the accident occurred and while he was in charge of the car, that he could not stop the car because the brakes were out of order, were not competent against the company that employed the driver. In *Robinson* v. *Fitchburg R.*, 7 Gray, 92, which was an action against a railroad corporation for damages caused by a collision through the negligence of the engineer, it was held that the declarations of the engineer respecting the accident, made a number of days afterward, were not competent against the company. The supreme court of the United States has recently considered the same question in *Packet Co.* v. *Clough*, 20 Wall. 528. It was held that the conversation of the captain of a steamboat with a party who was injured in going upon the boat, made two and

one-half days after the accident occurred, in which he stated that the injury was caused by the carelessness of the hands in failing to put out the regular plank, was not competent against the owners of the boat. Mr. Justice STRONG, in delivering the opinion of the court, said: "But an act done by an agent cannot be varied, qualified or explained either by his declarations, which amount to no more than a mere narrative of a past occurrence, or by an isolated conversation held, or an isolated act done at a later period. 1 Taylor on Evidence, § 526. The reason is that the agent to do the act is not authorized to narrate what he had done or how he had done it, and his declaration is no part of the '*res gestæ*.'" In a later case, the same high tribunal held that "the opinion of an agent, based upon past occurrences, is never to be received as an admission of his principals * * * ." *Insurance Co.* v. *Mahone*, 21 Wall. 157. Sir WILLIAM GRANT discusses this proposition in *Fairlie* v. *Hastings*, 10 Ves. 123, and says: "If any fact, material to the interest of either party, rests in the knowledge of an agent, it is to be proved by his testimony, not by his mere assertion." Story on Agency, § 136, and cases there cited; *Anthony* v. *Estabrook*, 1 Col. 76, and cases there cited; *M. & M. R. Co.* v. *Finney*, 10 Wis. 388.

In the case at bar, what the driver said to the appellants concerning the accident was the narrative of a past occurrence and could not affect the liability of his principals. In the authorities which have been referred to, the number of hours or days that elapsed after the occurrence of the accident complained of, and during which the agent made certain admissions against his principal, is treated as an immaterial fact. If they were uttered before the journey upon which the injured party entered was ended they were mere narration. When the respondents' driver made the statements to the appellants, which have been specified, "the accident was past," and the injury to Mrs. Ryan was complete. "The only wrong she sustained, if any, had been consummated." *Packet Co.* v. *Clough, supra.* Therefore the court did not err in excluding the declarations of the respondents' driver.

It will be necessary to state the testimony of the appellants relating to the alleged negligence of the respondents, to show the nature of the legal question which must now be considered. It

appears that the appellants had been conveyed in a coach from Watson to a point which is south of Beavertown, where the sleigh or " bob-sled " was furnished by the respondents for the purpose of transporting the appellants and express matter and mail sacks. When the accident took place the parties were traveling upon a good level road at the rate of about five or six miles per hour, and the snow on the ground made fine sleighing. The horses were strong and under the control of the respondents' driver and were stopped immediately, without any difficulty, and the sled did not run out of the road or track. The appellants know of no cause for the upsetting of the sleigh, although Mr. Ryan, one of the appellants, made a careful examination at the time for the purpose of discovering it. Upon this subject, the evidence does not enlighten us.

When these facts are reviewed it will be seen that only one question can be discussed. Did the appellants support their allegation of negligence on the part of the respondents by producing testimony, which tended to prove that the accident occurred, without the fault of the appellants, under the circumstances which have been pointed out ?

The complaint in this case contains the same allegations as the declaration at common law in similar actions. No contract between the appellants and respondents is set forth in the pleadings, or mentioned in the evidence, which is in conflict with the obligations that the law has imposed upon the respondents as common carriers of persons. The appellants were passengers for hire. What was the duty of the respondents ? They were required to carry the appellants from Watson to Helena as safely as human foresight and reasonable care would permit. The nature and limitations of this obligation have been defined accurately in the following authorities. "Carriers of passengers for hire are bound to use the utmost care and diligence in the providing of safe, sufficient and suitable coaches, harnesses, horses and coachmen in order to prevent those injuries which human care and foresight can guard against." *Ingalls* v. *Bills*, 9 Metc. 1. The proprietor of a stage-coach covenants that he will insure the safe carriage of passengers by the exercise of extraordinary diligence and care, and is responsible for any neglect. *Fairchild* v. *California S. Co.*, 13 Cal. 605.

" Out of special regard for human life, and acting upon the presumption that every man who commits his person to the charge of others expects from them a higher degree of care for his bodily safety than they would bestow upon the preservation of his property, the law very wisely exacts from a carrier of passengers for hire the utmost care and skill which prudent men are accustomed to use under similar circumstances." Shearman & Redfield on Negligence, § 266, and cases there cited; Story on Bailments, § 601; *Ficken* v. *Jones*, 28 Cal. 627; *Wheaton* v. *N. B. & M. R. R. Co.*, 36 id. 583; *Stokes* v. *Saltonstall*, 13 Pet. 181; *The Nitro-Glycerine case*, 15 Wall. 537; Angell on Carriers, §§ 521–524, 568, and cases there cited; Wharton on Negligence, § 627, n. 3; 2 Kent's Com. 601 and notes.

Did the respondents violate any of these duties which were incumbent upon them? The respondents had the exclusive control and management of the sleigh when it was upset. The nature of the accident has been explained by the testimony. Should the question whether there was a want of due and reasonable care on the part of the respondents have been submitted to the jury? The sufficiency and effect of the evidence on behalf of the appellants appear to be determined in many cases. The supreme court of the United States has considered these questions. In *Stokes* v. *Saltonstall*, 13 Pet. 181, the plaintiff commenced an action to recover damages for an injury sustained by his wife by the upsetting of a stage-coach in which she was a passenger. The court held that " the facts that the carriage was upset, and the plaintiff's wife injured, are *prima facie* evidence that there was carelessness, or negligence, or want of skill on the part of the driver, and throws upon the defendant the burden of proving that the accident was not occasioned by the driver's fault." In *Railroad Co.* v. *Pollard*, 22 Wall. 348, the doctrine of the case of *Stokes* v. *Saltonstall*, *supra*, was attacked by the counsel for the plaintiff in error, but Mr. Chief Justice WAITE said : " We see no necessity for reconsidering that case." In *The Nitro-Glycerine case, supra*, Mr. Justice FIELD delivered the opinion and said : " The cases between passengers and carriers for injuries stand upon a different footing. The contract of the carrier being to carry safely, the proof of the injury usually establishes a *prima facie* case, which

the carrier must overcome. His contract is shown, *prima facie* at least, to have been violated by the injury." In *Boyce* v. *California S. Co.*, 25 Cal. 460, the plaintiff brought the action to recover damages on account of personal injuries sustained by him by reason of the upsetting of the defendant's coach on which he was a passenger. Mr. Chief Justice SANDERSON delivered the opinion and said : " Admitting for the sake of the argument, that the allegation of negligence is as narrow as counsel for appellant claims it to be, and that the cause of the accident is unexplained by the testimony, and that the general reputation of the driver for care and skill is established beyond question by the evidence, it does not follow that the overturning of the coach is to be charged to the account of unavoidable accident, or to some cause which human care and foresight could not prevent, and therefore the defendant excused from all liability for the consequences to the plaintiff. The argument places the burden of explanation upon the shoulders of the plaintiff ; but, unfortunately for the argument, the law places it upon the shoulders of the defendant. Upon the trial of an action of this character, it is only necessary for the plaintiff to prove the overturning of the coach and the injuries caused thereby. Having ·done this he may rest, for the presumption is that the overturning occurred through the negligence of the coachman, and the burden of proving that there has been no negligence is cast upon the defendant. How the overturning occurred is no part of the plaintiff's case. The fact that the coach did overturn is all that he need establish in order to recover for such injuries as he may have sustained. In order to rebut this presumption of negligence, the defendant must show that the overturning was the result of inevitable casualty, or some other cause which human care and foresight could not prevent, for the law holds him responsible for the slightest negligence, and will not hold him blameless except upon the most satisfactory proofs. In doing this the defendant must necessarily explain how the overturning occurred, and if he fails to do this, the presumption of negligence remains. * * * Counsel, by admitting that the overturning occurred, to the personal injury of the plaintiff, and that such overturning is unexplained by the evidence, admits that a cause of action has been established, against

which he has shown no defense." In *Yeomans* v. *C. C. S. N. Co.*, 44 Cal. 84, the case of *Boyce* v. *California S. Co.*, *supra*, was affirmed, and the court refers to " the application of the well-settled principle, that as between a passenger and a common carrier of passengers, the proof of the occurrence of an accident, without fault of the passenger, is *prima facie* proof of negligence on the part of the carrier." The legal principles which have been announced are applicable to this case, and are sustained by the authorities. Story on Bailments, § 601, *a ; Fairchild* v. *California S. Co., supra ; Ficken* v. *Jones, supra ; Feital* v. *Middlesex R. Co.*, 109 Mass. 405 ; Angell on Carr., §§ 61, 569, and cases there cited ; Shearman & Redfield on Negl., § 280, and cases there cited ; *McKinney* v. *Neil*, 1 McLean, 540 ; *Stockton* v. *Frey*, 4 Gill. 406 ; *Farish* v. *Reigle*, 11 Gratt. 697 ; *Wilkie* v. *Bolster*, 3 E. D. Smith, 327.

It follows that there was evidence relating to the alleged negligence of the respondents, which should have been submitted to the jury. The court erred in assuming that the testimony did not have a tendency to prove that there was a want of due and reasonable care on the part of the respondents. The authorities which have been cited refer to the upsetting or overturning of a coach or wagon. The respondents used voluntarily a sleigh or " bob-sled " upon a portion of the route between Watson and Helena, and allege in their answer that this means of conveyance was the most convenient and suitable at the place where the accident occurred. There is nothing in the character of this vehicle which modifies the rules of law that have been referred to.

It is therefore ordered that the judgment of the court below be reversed with costs, and that the action be remanded for a new trial.

*Judgment reversed.*

KNOWLES, J., concurred.

WADE, C. J., dissenting. I hold, with the majority of the court, that the declarations of the driver were properly excluded, but as to the other branch of the case I have serious doubts as to the correctness of the decision and express my own views upon the question as follows :

The general though not the uniform doctrine of the laws is that, where the plaintiff in a case of this character proves his journey on the coach, the accident and the damages he has suffered, he thereby makes a *prima facie* case against the coach owner or proprietor, and that negligence on the part of such owner is thereby implied and presumed, and the burden is upon him to rebut such presumption.

In the case of *Christie* v. *Griggs*, 2 Camp. 79, Chief Justice MANSFIELD says: "I think the plaintiff has made a *prima facie* case by proving his going on the coach, the accident and the damage he has suffered. It now lies on the other side to show that the coach was as good a coach as could be made, and that the driver was as skillful a driver as could anywhere be found   *   *   * When the breaking down or overturning of a coach is proved, negligence on the part of the owner is implied. He has always the means to rebut this presumption, if it be unfounded, and it is now incumbent on the defendant to make out that the damage in this case arose from what the law considers a *mere accident.*"

The case of *Stokes* v. *Saltonstall*, 13 Pet. 181, decided by the supreme court of the United States, and which therefore may well be taken as our guide here, sustains the decision in *Christie* v. *Griggs* and substantially decides that where the plaintiff proves his going on the coach, the accident and the injury, negligence on the part of the defendant is presumed and can only be rebutted by proof.

Many other cases might be cited to the same effect. See *Ware* v. *Gay*, 11 Pick. 106; *Stockton* v. *Frey*, 4 Gill. 406; *McKenney* v. *Neil*, 1 McLean, 540; *Farish* v. *Reigle*, 11 Gratt. 697; *Brehm* v. *Great West. R. R. Co.*, 34 Barb. 256; *Fairchild* v. *Cal. Stage Co.*, 13 Cal. 599; *Ingalls* v. *Bills*, 9 Metc. 1.

Granting that these cases conclusively establish the doctrine that proof of the accident and the injury raises the presumption of negligence against the defendant which must be rebutted by proof, there is nothing in any of the books requiring this proof to come from the defendant only. The plaintiff himself, by his own evidence, may overthrow and destroy the presumption in proving the circumstances attending the accident.

The overturning of a stage-coach, or other accident, is always

the result of antecedent causes, and these causes must always give character to the result. A stage-coach may be overturned and occasion injury to the passenger without the fault or neglect of the proprietor or his agent; or by reason of such fault or negligence; or because of the fault or carelessness of the passenger; or in consequence of his contributory negligence, and the character to attach to such accident, the presumptions therefrom arising, and the liability thereby resulting are determined, not by the result alone but by the causes that produced it. And if the plaintiff takes it upon himself to show these causes, and thereby exonerates the defendant from all blame, he destroys the presumption which the bare proof of the overturning of the coach creates.

Now in the cases we have cited in which it is held that the presumption of negligence is fastened upon the defendant by proof of the accident and the injury, it will be seen that the attending facts and circumstances reasonably and naturally raise such presumption, as in the case of *Christie* v. *Griggs*, where the coach was overturned, and the injury resulted by reason of the breaking of an axeltree. Here the presumption must rest upon the attending cause rather than upon the bare fact that the coach overturned. And so in almost every other reported case wherein it is held that this presumption of negligence is fixed upon the defendant by proof of the accident and the injury, the antecedent facts revealing the cause of the accident, legitimately, and from their very nature, cause the presumption to arise. And it is impossible to say from the cases that this presumption would have arisen but for the surrounding facts and circumstances which imperatively demanded it. Certainly it is more reasonable to suppose that this burden is placed upon the defendant by the proof of a fact that naturally creates it, as the breaking of an axeltree, rather than to jump at the conclusion from the bare happening of the accident, as the overturning of a coach, which might occur without the defendant's fault.

The natural conclusion is that this presumption has some relation to and is somewhat dependent upon the manner of the accident and the causes that produced it.

Mr. Parsons (2 Parsons on Contracts, 224–5), after a careful interpretation and review of all the cases, arrives at a similar con-

clusion. He says: " The plaintiff must not merely prove that he has sustained injury, but must go so much further as to show that he suffered from such accident, or from such other cause as may, with *reasonable probability*, be attributed to the negligence of the defendant. Thus far the *onus* is on the plaintiff. But then it shifts, and the defendant must prove an absence of negligence or of default on his part."

That is to say, the plaintiff does not make his *prima facie* case by simply proving the accident and the injury, but he must show something of the nature and cause thereof, and such a state of facts attending the event as, with reasonable probability, causes the presumption of negligence to arise. And the facts proven by the plaintiffs in the reported cases demonstrate that they are in harmony with this rule, and show that the plaintiffs have always proved the attending circumstances and the cause of the accident, in order to cause the presumption of negligence to arise. A stage-coach may be overturned and injury result to the passenger without the fault of the owner or his agent, and from this fact alone the plaintiff ought to be required, in making his *prima facie* case, to show such a state of facts attending the accident as reasonably and naturally raises the presumption of negligence against the defendant. The action is negligence, and as long as the defendant might be without fault negligence ought to be shown, or such a state of facts as naturally causes the presumption to arise.

Either party may prove the surrounding facts and circumstances. If by the plaintiff, and he shows no facts which naturally and legitimately raises the presumption of negligence, or if he goes further, and shows the defendant without fault, he subjects himself to a nonsuit; if by the defendant, and he frees himself from fault or negligence, he recovers a verdict in his favor.

But however much doubt there may be, or if there be no doubt as to what proof causes the presumption of negligence to arise against the defendant, there certainly ought not to be any doubt whatever as to this rule of evidence; that if the proof by the plaintiff first establishes the presumption of negligence, and then absolutely destroys it, his case necessarily fails. And the application of this rule to the facts in the case forms the chief foundation for my opinion herein.

Adopt ·the doctrine, to the fullest extent, that the bare proof of the accident and the injury raises the presumption of negligence against the· defendant, and yet there is no law or reason for holding that this rule of evidence must be upheld in a case where the plaintiff, after having raised the presumption, absolutely overthrows and destroys it by his own proof. If in proving the accident and the injury he goes beyond this and shows the defendant without fault, and exonerates him absolutely from all negligence and want of care, then his case must fail. He proves himself out of court, and leaves nothing for the defendant to do. And in such a case, in the event of a motion for nonsuit, it is the province of the court to pass upon the facts and ascertain if the plaintiff has made a case, and if there is no proof tending to show negligence, and, on the contrary, all the evidence repels the presumption, then such motion should be granted.

Now apply these principles to the case in hand. Do the facts tend to show that the injury to the plaintiff was occasioned under such a state of circumstances as, with reasonable probability, the same may be attributed to the negligence of the defendant? On the contrary, do not the facts conclusively prove the defendant without fault?

The testimony, as produced by the plaintiffs, shows that the defendant's sleigh, with the plaintiffs as passengers, and its load, had accomplished the task of crossing the Prickly Pear range of mountains without accident or trouble, notwithstanding the difficulties and dangers of that dangerous mountain pass, and had arrived in safety on this side of the range, demonstrating, beyond equivocation or doubt, that it was judiciously and properly loaded, and not overloaded, and at the time of the accident was on perfectly level ground, the team attached safe and gentle, and proceeding at a moderate pace, the driver sober, skillful, and showing the utmost care, having his horses under perfect control, as is evidenced by the fact that he stopped them still before they had proceeded eighteen inches after the happening of the accident, the harness in perfect order, the sleigh good and strong, and yet the accident occurred, and the sleigh overturned, and no one could explain the reason why or wherefore. There was no giving away of any part of the sleigh, or the harness, and no fault on the

part of the driver or the horses. Nothing was broken, and every thing in any way connected with the sleigh, the load, the harness, the horses and the driver, was in its place and in perfect order, when, upon a level road, the sleigh overturned while proceeding at the moderate rate of between five and six miles per hour.

This is the testimony, and what are the presumptions arising therefrom? None, it seems to us, adverse to the defendants, but all in their favor, showing them without fault, and presenting a case of as pure an accident as ever occurred, and an accident, too, the cause of which no one has yet been able to explain.

After the presentation of this evidence by the plaintiffs the defendants moved the court for a nonsuit. Now, in examining this evidence to ascertain if the plaintiffs had made a *prima facie* case, if the court followed the rule indicated by Mr. Parsons, it would not look to the accident alone, but would examine into the cause thereof and the attending facts as disclosed by the evidence, and would determine from such facts, if the presumption of negligence naturally and reasonably arises, for, to the extent of showing such a state of facts as raises this presumption, the *onus* is on the plaintiffs by this rule. And so examining the testimony, we say the facts and circumstances attending the accident do not naturally or reasonably raise the presumption of negligence, but, on the contrary, render such a presumption utterly impossible. Therefore the elements that make up the plaintiffs' *prima facie* case fail. If, however, the rule is invoked, that the bare proof of the accident and the injury makes the plaintiffs' case, we say it is not applicable to a case where the bare, naked presumption is utterly overthrown by absolute and undisputed facts. And that is this case. The facts established by the plaintiffs, of their own motion, imperatively and conclusively prevent any presumption from arising adverse to the defendants. And upon a motion for a nonsuit the court must place this bare, naked presumption by the side of the overwhelming absolute facts, and if the facts are imperative and conclusive in their nature, of which the court must judge, the motion should prevail. For these reasons I think the motion for a nonsuit properly granted.