ADAM KOLB

*v.*

ANNA J. O'BRIEN.

1. EXCESSIVE DAMAGES — *for personal injury through negligence.* A recovery of $2,200 damages for an injury to the plaintiff's ankle, alleged to have been caused by negligence on the part of an omnibus driver, where the actual loss of time and expenses incurred by the plaintiff were not shown to exceed $175, and the proof failed to show a permanent injury, or such negligence as to imply malice or wanton disregard of the safety of the plaintiff, was *held* excessive.

2. EXEMPLARY DAMAGES. In an action against the proprietor of an omnibus, to recover damages for a personal injury caused by negligence of the driver, where the negligence, if any, is not of such a character as to imply malice, or

a wanton disregard of the safety of the plaintiff, vindictive damages can not be allowed, but only such as are compensatory.

3. ERROR — *in favor of party complaining.* A defendant can not be heard in this court to complain of instructions given for the plaintiff, even though not precisely accurate, if such inaccuracy operated more strongly against the latter than the former.

4. LAW AND FACT — *question of negligence.* In an action to recover damages for a personal injury received through the alleged negligence of the defendant, or his servant, it is not proper by an instruction to announce what acts were negligent, and the degree of negligence they prove. It is for the jury to say, from the evidence, whether either or both the parties were guilty of negligence, and, if so, its comparative degrees.

5. ACTION — *acts done by direction of police officer.* If a city ordinance confers power on police officers to direct, absolutely, omnibus drivers, leaving the latter no choice but to obey the officer's order, and if, in executing such order with ordinary prudence and skill, a personal injury is inflicted, neither the driver nor his employer can be held liable in damages for the injury.

WRIT OF ERROR to the Circuit Court of Cook County; the Hon. W. K. MCALLISTER, Judge, presiding.

Mr. A. C. STORY, for the plaintiff in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that in the month of September, 1874, plaintiff below received an injury to her ankle, whilst entering an omnibus claimed to have at the time belonged to defendant. By police regulation all omnibuses were required to stand and take their turn at the Adams street entrance of the Exposition Building, on the south side of the street, at the corner of Michigan avenue. The police had erected at the place a staging or platform of plank and timber, on the side of the street, against which the vehicles backed up for passengers to enter and from which they left, under the direction of the police.

On the night of the injury, at about ten o'clock, plaintiff and several of her friends left the Exposition Building by the Adams street entrance. There was at the time a large crowd of people, each afraid of being left, and anxious to secure passage. Plaintiff, with the rest and in advance of

her friends, hastened forward, and said to her friends: "Hurry up, as there is a 'bus going right to our door." One of the vehicles had, it is claimed, just been ordered out by the police, and was several feet from the platform when plaintiff attempted to get in; she placed one foot on the step, for the purpose, when, it is claimed, the omnibus was stopped by a team passing in front of it, and the vehicle, from its load, the slope of the street, or some other cause, backed up against the platform, catching her ankle between it and the step of the omnibus. She testifies that she did not get off the sidewalk or platform, but got on the step from the platform, and claims she was injured by the negligence of the driver in the management of the team and omnibus. She screamed and fainted; a policeman started up the conveyance and released her ankle, and, a few minutes after, ordered the driver to take her home, which he did. There seems to be no conflict on the question that she was taken home by the omnibus by which she received the injury, but there is conflict in the evidence as to its identity.

Plaintiff at the time was employed in a family, in the performance of household labor. She was disabled from labor for about twelve weeks; she was receiving $4 per week for her services at the time; incurred a doctor's bill of about $50, and was nursed and boarded at an expense of $75. There was some slight evidence tending to prove the injury was permanent. The jury found a verdict in favor of plaintiff for $2,200. A motion for a new trial was overruled, and judgment entered on the verdict; and defendant brings the record to this court on error.

A number of grounds are urged for a reversal; and, after a careful perusal of the evidence in the bill of exceptions, we are clearly of the opinion that the damages are excessive — so clearly excessive that the verdict should not have been permitted to stand. The actual loss and expense incurred by appellee by reason of the injury is not shown

to have been exceeding $175. The remainder — being over
$2,000 — is based on suffering and mere conjectural future
incapacity to labor.

Her physician is by no means clear as to the character or
extent of the injury. He is not confident that it will be
permanent, but says it may be. The evidence is too vague
and indefinite of permanent injury upon which to base such
large damages. We fail to find anything in the evidence
requiring, or even justifying, the assessment of vindictive
damages against plaintiff in error. If there was negligence
on the part of the driver, as the jury have found, it is not
of such a character as to imply malice, or a wanton disre-
gard of the safety of defendant or others. It then follows
that the damages should have been compensatory only,
whilst they are greatly beyond anything warranted by the
evidence. ·

It is urged that the evidence shows that it was a different
omnibus — not owned by plaintiff in error, and belonging to
another person — by which defendant in error was injured.
If on this the evidence was conflicting, it was for the jury
to consider it, and give to it such weight as they believed it
entitled to receive.

It is claimed that the evidence does not sustain the ver-
dict in other respects. Inasmuch as the case will come be-
fore another jury, we shall refrain from any discussion of
the evidence, leaving it to another jury to find the issues
without any suggestions as to its weight or what it tends to
prove.

It is urged that the court below erred in giving and re-
fusing instructions. Those given for defendant in error may
not be precisely accurate, but, if so, the inaccuracy operated
against her, and they were all or more than plaintiff in error
had a right to demand. And those given for him were cer-
tainly all if not more than he was entitled to have given.
In refusing a portion of those he asked there was no error.
Had they been given, they would have trenched upon the
province of the jury. These instructions announced what

acts were negligent, and the degree of negligence they proved. It was for the jury, on the evidence before them, to say whether either or both of the parties were guilty of negligence, and, if so, its comparative degrees. These instructions, if given, would have taken that question from the jury, and would have been wrongfully determined by the court; and they were properly refused.

As we understand it, the ordinances read in evidence provide that any police officer has power to arrest any offender, and give any directions necessary for the convenience of the public at any public place, and no owner or driver of an omnibus shall refuse to obey or interfere with such officer. The ordinances were, by agreement, not embodied in the bill of exceptions, but it was agreed that they might be read on the argument in this court; but the book of ordinances has not been furnished, an agreed copy filed, or any other course taken to bring them to our notice, beyond a statement, in the abstract, of what purports to be their substance. If that is correct — but we have no means at hand of determining the fact — the last instruction given by the court, on its own motion, was calculated to mislead the jury. If, as stated, the ordinance required the driver to unquestioningly obey the police officer, under the circumstances of this case, then the instruction was repugnant to the requirements of the ordinance, and should not have been given. If the ordinance conferred the power claimed, the driver had no choice but obedience to the order of the officer, from the facts proved on the trial, and if in executing it, with ordinary prudence and skill, the injury was inflicted, neither the driver nor his employer could be held liable. But the judgment of the court below must be reversed because the damages are excessive, and the cause remanded for further proceedings.

*Judgment reversed.*