KIMBALL DOW, as *Assignee of the Estate of Charles H. Taylor*, v. WILLIAM JULIEN, *et al.*

1. OPINION OF WITNESS, *When Not Competent for Expert Testimony.* In an action against a sheriff for the wrongful seizure of goods and merchandise on an order of attachment, which goods, after being in the custody of the sheriff about six months, were returned, the sheriff, as tending to prove that he well and faithfully performed the duties of his office and exercised ordinary care in attaching the property, produced a witness who testified that "he had been a merchant one year, and had been sheriff of the county and had attached several stocks." Thereupon the following question was propounded to him: "State if these goods were as well handled and cared for as goods usually are when attached?" He answered, "They were." *Held*, That the question objected to ought not to have been asked, because it called for the opinion of the witness in a matter not competent for expert testimony.

2. EXEMPLARY DAMAGES—*Sheriff, When Not Liable.* If a sheriff or other officer makes a wrongful seizure of goods under an order of attachment, but acts without fraud, malice, oppression, or other improper motive, he is not liable therefor in vindictive or exemplary damages on account of the malicious motives of the plaintiff in the writ.

*Error from Johnson District Court.*

ACTION brought by Baldwin on the bond of *Julien* as sheriff of Johnson county, and the sureties thereon, to recover damages for an alleged unlawful attachment. After the trial of the case,

plaintiff died, and *Dow* was appointed assignee of the estate of
C. H. Taylor, and the action was revived in his name. Trial
at the June Term, 1883, and judgment for the defendants for
costs against the plaintiff. He brings the case here. The ma-
terial facts are stated in the opinion.

*E. B. Gill,* for plaintiff in error.
*F. R. Ogg,* and *Burris & Little,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are as follows: On
November 19, 1881, C. H. Taylor executed a voluntary as-
signment of nearly all his property to Almon H. Baldwin, in
trust for the benefit of his creditors. On the same day Harris
& Co. commenced an action against Taylor and others, on a
promissory note executed September 16, 1881, for one thou-
sand dollars, before it was due, by attachment under §§ 230
and 231 of the civil code. On November 21, 1881, the prop-
erty assigned to Almon H. Baldwin was taken by the sheriff·
from the possession of the assignee, on the order of attachment.
On account of some alleged irregularities connected with the ex-
ecution and consummation of the assignment of November 19,
1881, Taylor executed another voluntary assignment of all his
property on November 25, 1881, which was afterward filed in
the office of the register of deeds, as required by law. On Jan-
uary 21, 1882, the order of attachment was discharged by the
judge of the district court at chambers. Exceptions were taken
to the rulings of the judge, and upon the hearing thereof at the
June term of this court for 1882, the order of the judge was af-
firmed. (*Harris & Co. v. Capell,* 28 Kas. 117.) The mandate
of this court was issued June 9, 1882. Soon after that date,
and about June 14, 1882, the property attached under the order
of November 21, 1881, or at least most of it, was returned to
the assignee. On September 13, 1882, this action was com-
menced by Baldwin, on the official bond of the defendant Ju-
lien, as sheriff of Johnson county, and his sureties, to recover
damages for the alleged unlawful attachment. The petition,

37—32 KAS.

*inter alia,* charged that Julien, as sheriff, in the execution of the order of attachment practiced fraud, deceit and oppression; that his levy under the writ of attachment was excessive; that in proceeding under the writ of attachment he acted willfully, maliciously and fraudulently, and made use of his official power to oppress plaintiff; that he retained possession of the goods for more than six months after the wrongful levy upon the same, and that some of the goods he never returned to plaintiff and never accounted for in any way. Subsequently to the trial of the case, Almon H. Baldwin died, and Kimball Dow was appointed assignee of the estate of said C. H. Taylor, and this proceeding was revived in his name.

As tending to/prove that the sheriff well and faithfully performed the duties of his office, and exercised ordinary care in attaching the property, J. M. Hadley was introduced upon the trial on the part of the defendants, who testified, among other things, as follows: "Was one year a merchant, and was sheriff of this county and attached several stocks." *Question:* "State whether these goods were as well handled and cared for as goods usually are when attached?" This question was objected to by plaintiff as incompetent, irrelevant, and immaterial, and because the proper foundation therefor had not been laid. The objections were overruled, and plaintiff excepted. The witness answered, "They were."

Among the special findings of the jury was the following: "Did William Julien, sheriff, use ordinary care and caution in removing said goods and in preventing them from becoming damaged?" *Answer:* "He did.—C. MILLER, foreman."

The question objected to ought not to have been asked, because it called for the opinion of the witness in a matter not competent for expert testimony. (*Monroe v. Lattin,* 25 Kas. 351; *City of Parsons v. Lindsay,* 26 id. 426; *Railroad Co. v. Peavey,* 29 id. 169.) Instead of giving his opinion, the witness should have been required to state all the facts within his knowledge, regarding the condition of the goods while they were in the custody of the sheriff, and upon the facts related

by him the jury could have formed their opinion whether the goods were well handled and cared for by the sheriff.

There are many other alleged errors referred to and discussed in the briefs, but owing to the fact that the petition must be amended or redrafted before another trial, in order to conform to the facts, it is unnecessary at this time to refer to these several matters. This much, however, may be stated: if a sheriff or other officer in seizing goods under a writ of attachment or other process takes the goods of the wrong person, he is responsible in damages therefor; and if acting under color of process he is guilty of fraud, malice, gross negligence, or oppression, he may be held liable in exemplary damages. ( *Winstead v. Hulme*, just decided.) But where a sheriff or other officer wrongfully seizes property upon an execution in his hands and there is no malice, gross negligence, oppression or improper motive on his part in the seizure, he is liable only for actual damages. In this case, this would include the deterioration of the goods between the time of the seizure and their return; also, the injury done to the goods between the times last mentioned by the sheriff, his deputies or employés; also, the decrease in the market value of the goods during the same period. If any goods were not returned, the plaintiff would be entitled to the value thereof, with interest. ( *Winstead v. Hulme*, supra; *Dorsey v. Manlove*, 14 Cal. 553; *Nightingale v. Scannell*, 18 id. 315.)

Again, even if the sheriff made a wrongful seizure of the goods in controversy, yet, if he acted without fraud, malice, oppression, or other improper motive, he is not liable in vindictive or exemplary damages on account of the malicious motives of the plaintiffs in the writ under which he acted. It appears from the evidence that the attachment under which the sheriff acted was properly discharged by the judge of the district court, and therefore the attachment was wrongfully obtained. Even if the property, at the date of the attachment, had not passed to the plaintiff as assignee, yet it seems from the evidence that the plaintiff was the owner and entitled to the possession thereof, under the assignment executed Nov. 25,

1881.   After that date, if the sheriff held and retained possession of the goods against the consent of the plaintiff, he is in any event liable for at least nominal damages.   He is also liable for any actual damages occurring after that date, even if there was no malice, negligence, oppression or improper motive on his part in the seizure and retention of the goods.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.